UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re:<br><br>JAMES RIVER COAL COMPANY,<br>et al.,<br><br>　　Debtors, | Case No. 03-04095-MH3-11<br>Jointly Administered<br><br>Adversary Proceeding<br>No. 305-00294A |
| ANTHONY H.N. SCHNELLING, as<br>Trustee of The JRCC Unsecured<br>Creditor Liquidating Trust,<br><br>　　Plaintiff/Appellee,<br><br><br>DYNAMIC SECURITIES, INC.,<br>DYNAMIC SECURITY SERVICES,<br>DYNAMIC SECURITY SYSTEMS and<br>DYNAMIC SECURITY, INC.,<br><br>　　Defendants/Appellants. | 3:06-1051<br>JUDGE ECHOLS |

## MEMORANDUM

Pending before the Court are the timely Notice of Appeal (Docket Entry No. 1) and Motion for Leave to Appeal (Docket Entry No. 2) filed by Defendants/Appellants Dynamic Securities, Inc., Dynamic Security Services, Dynamic Security Systems, and Dynamic Security, Inc. (collectively "Dynamic Securities") pursuant to 28 U.S.C. § 158(a)(3) and Federal Rules of Bankruptcy Procedure 8001(b) and 8003. Dynamic Securities seeks leave to appeal the Bankruptcy Court's[1] Memorandum Opinion of September 14, 2006 and

---

[1] Bankruptcy Judge Marian F. Harrison.

1

its Order of October 12, 2006, denying Dynamic Security's Motion to Dismiss, or in the Alternative, for Summary Judgment. Plaintiff/Appellee Anthony H.N. Schnelling, Trustee, has responded in opposition to the Motion for Leave to Appeal.

## I. FACTS AND PROCEDURAL HISTORY

James River Coal Company and other related entities ("Debtors") filed Chapter 11 petitions on March 25, 2003. Debtors filed a First Amended Joint Plan of Reorganization (hereinafter, the "Plan") and an accompanying Amended Disclosure Statement (the "Disclosure Statement"). The Committee of Unsecured Creditors and the Senior Secured Lenders concurred in the Plan. In an Order entered January 21, 2004, the Bankruptcy Court set February 19, 2004 as the deadline for filing objections to the Disclosure Statement. The Bankruptcy Court approved the Disclosure Statement on February 25, 2004. The deadline to vote on or object to confirmation of the Plan was April 5, 2004. On April 9, 2004, after approval of the Disclosure Statement and after the deadline for voting upon or objecting to confirmation of the Plan, the Unsecured Creditors' Committee filed an unsigned document called "The JRCC Unsecured Creditor Liquidating Trust Agreement."

The Bankruptcy Court held a hearing on Plan confirmation on April 21, 2004. On that day, Debtors filed their Second Amended Plan. The Bankruptcy Court entered a Confirmation Order on April 22, 2004. The Plan became effective May 6, 2004.

Beginning on or about March 8, 2005, the Trustee filed some 280 adversary proceedings. This case is one of those adversary proceedings brought under 11 U.S.C. § 547 to avoid alleged

2

preferential transfers by the Debtors to Dynamic Securities and to recover those transfers pursuant to 11 U.S.C. § 550(b).

On December 30, 2005, Dynamic Securities filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. Dynamic Securities alleged that the Plan failed to preserve, under 11 U.S.C. § 1123(b)(3)(B), the right to bring preference actions and that such actions were barred after Plan confirmation. Dynamic Securities further asserted that the *res judicata* effect of confirmation barred the preference action brought against it.

Specifically, Dynamic Securities contended that the Plan and Disclosure Statement were technical, obscure and incomprehensible to laymen and to lawyers who do not regularly practice in complex Chapter 11 cases because the documents did not describe in plain terms what a preference or avoidance action is, or what the effect upon a creditor would be. The documents said nothing about the value of avoidance actions, and indicated in several places that there were no actions to be brought other than actions against former insiders. Dynamic Securities contended that creditors who were lay people or lawyers not sophisticated in Chapter 11 practice could not have read the documents and understood that the creditors were at risk of being sued to pay money back to the Debtors and of not having their existing claims allowed at all unless they paid that money back to the Debtors.

In its Memorandum Opinion and Order, the Bankruptcy Court held that the Debtors adequately preserved the right to bring the preference actions under 11 U.S.C. § 1123(b)(3). The court examined and relied upon Bankruptcy Judge Keith Lundin's analysis

3

of the issue in <u>Elk Horn Coal Co., LLC v. Conveyor Mfg. & Supply, Inc. (In re Pen Holdings, Inc.)</u>, 316 B.R. 495, 504 (Bankr. M.D. Tenn. 2004). The Bankruptcy Court in this case ruled:

> The Plan specifically preserved "actions under chapter 5 of the Bankruptcy Code." That preference and fraudulent conveyance claims would be assets of the Liquidating Trust, to be investigated and prosecuted by the Trustee, was disclosed in the Disclosure Statement. In addition, creditors were informed in the Disclosure Statement that it was not possible at that time to predict the outcome or value of those causes of action, and it should not have been a surprise that many preference actions would be filed just as in other large cases. Finally, the debtors' Statements of Affairs identified payments made by the debtors within 90 days before the bankruptcy. According, as to the Trustee's claims seeking to avoid transfers within the 90 days prior to bankruptcy, the Court finds that sufficient notice was given in the debtors' Plan and Disclosure Statement to preserve the Trustee's causes of action, and thus, these actions are not barred by res judicata.

(Docket Entry No. 2, Ex. 1, Memorandum Opinion at 13.)

Dynamic Securities seeks interlocutory review of the Bankruptcy Court's decision. Dynamic Securities contends that, in the event this Court were to permit the interlocutory appeal and to reverse the Bankruptcy Court's decision, the Bankruptcy Court would be required to dismiss this pending preference action. Dynamic Securities asserts that the standard for interlocutory appeal under 28 U.S.C. § 158(a)(3) and 28 U.S.C. § 1292(b) is met because the appeal presents a controlling question of law, there are substantial grounds for a difference of opinion respecting the correctness of the Bankruptcy Court's decision, and immediate appeal would materially advance the ultimate termination of the litigation.

The Trustee opposes the Motion for Leave to Appeal, contending that interlocutory appeal will not materially advance the ultimate

termination of the litigation because reversal would not end the preference lawsuits, but rather would result in remand to the Bankruptcy Court for consideration of the Trustee's alternative defense, which was not previously considered. In addition to arguing that the disclosures of potential preference actions were adequate, the Trustee also contended that the doctrine of *res judicata* does not bar actions against parties who were not creditors at the time of confirmation or the avoidance actions. Moreover, the Trustee asserts that interlocutory appeals are discouraged as a matter of judicial policy to avoid delay and disruption to ongoing litigation.

In reply, Dynamic Securities contends that the Trustee's alternative defense is irrelevant because Dynamic Securities had a prepetition claim and thus was a creditor at the time of confirmation. Because this Court granted interlocutory review on the same issue in the Pen Holdings bankruptcy litigation, Dynamic Securities contends the Court should grant leave to proceed with an interlocutory appeal in this case.[2]

## II. **APPLICABLE LAW AND ANALYSIS**

This Court has jurisdiction to hear interlocutory bankruptcy appeals pursuant to 28 U.S.C. § 158(a)(3). That statutory section and the Bankruptcy Rules do not provide a meaningful standard by which to decide whether an interlocutory appeal should be permitted. In re Wicheff, 215 B.R. 839, 844 (B.A.P. 6th Cir. 1998). As a result, courts rely upon the language of 28 U.S.C. § 1292(b),

---

[2]The Pen Holdings appeals were ultimately dismissed due to settlements.

5

which defines the scope of appellate jurisdiction over interlocutory appeals from the district courts. Id. That statute confers jurisdiction over non-final orders where the appellant shows (1) the question involved is a controlling question of law (2) about which there is substantial basis for a difference of opinion and (3) the resolution of which will materially advance the ultimate termination of the litigation. Id.; Vitols v. Citizens Banking Co., 984 F.2d 168, 170 (6th Cir. 1993). Leave to appeal from an interlocutory order should be granted only in exceptional circumstances so as not to contravene the judicial policy of discouraging interlocutory appeals and avoiding disruption and delay that results in piecemeal litigation. Id. Interlocutory appeal is appropriate in "'protracted and expensive litigation,'" where failure to resolve a question of law early in the case could lead to the placement of an enormous burden on the parties. Limor v. Weinstein (In re SMEC, Inc.), 161 B.R. 953, 956 (M.D. Tenn. 1993).

There is no question that the issue before the Bankruptcy Court is a controlling question of law with regard to the legal viability of this pending preference action.

Moreover, a substantial ground for a difference of opinion exists when (1) the issue is difficult and one of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue. Gaylord Entertainment Co. v. Gilmore Entertainment Group, LLC, 187 F. Supp.2d 926, 956 (M.D. Tenn. 2001) (cited case omitted). The Bankruptcy Court in this case relied on the prior opinion of Judge Lundin in the Pen

6

Holdings litigation. There, Judge Lundin considered a question of first impression in distinguishing Sixth Circuit cases, Browning v. Levy, 283 F.3d 761 (6th Cir. 2002) and Micro-Time Mgt. Sys., Inc. v. Allard & Fish, P.C. (In re Micro-Time Mgt. Sys., Inc.), 983 F.2d 1067, 1993 WL 7524, at *5 (6th Cir. Jan. 12, 1993) (Table), on the ground that the cases did not pertain to preference actions. Further, Judge Lundin recognized that other circuits and lower courts are split on the specificity of language that will satisfy § 1123(b)(3). These factors weigh in favor of a determination that a substantial ground for a difference of opinion exists.

Finally, the resolution of this issue in favor of Dynamic Securities, in the event the Court should so hold, would materially advance the ultimate termination of the litigation. It does not appear likely that the Trustee's alternative defense stands a likelihood of success against Dynamic Securities, which represents that it made a prepetition claim and was a creditor at the time of Plan confirmation.

### III. CONCLUSION

The Court concludes that Dynamic Securities has made the requisite showing that an interlocutory appeal is warranted. Accordingly, Dynamic Securities' Motion for Leave to Appeal (Docket Entry No. 2) will be GRANTED.

An appropriate Order shall be entered.

*[signature]*

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE